IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY HASKINS, | : | 1:10-CV-1950 |
| --- | --- | --- |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| DAUPHIN COUNTY DISTRICT ATTORNEY'S OFFICE, and PA ATTORNEY GENERAL | : | |
| Respondents | : | |

## **MEMORANDUM**

## **February 14, 2011**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.7), filed on January 7, 2011, which recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

### **I. STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the District Court is not statutorily required to review the report

---

[1] Objections were due by January 24, 2011

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Petitioner Anthony Haskins ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 17, 2010. (Doc. 1). Named as respondents are the Dauphin County District Attorney's Office and the Pennsylvania Attorney General. *Id.* Petitioner also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

Petitioner seeks relief from three proceedings pending in state court, CR-2322, CR-3755, and CR-3972. With respect to CR-2322, Petitioner alleges that evidence was obtained during an illegal search of his mother's home. With respect

to CR-3755, Petitioner alleges that the evidence was insufficient to establish a prima facie case. In both of the above-mentioned matters, Petitioner alleges that his appointed counsel assisted the Commonwealth in violating his right to a speedy trial. Finally, with respect to CR-3972, Petitioner alleges that the state court imposed excessive bail. Petitioner has been convicted and is currently awaiting sentencing on dockets CR-2322 and CR-3755, and he is currently awaiting trial on docket CR-3972.

As noted by Magistrate Judge Mannion, the Supreme Court held that federal courts should exercise their discretion to abstain from interfering with a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 41 (1971). However, the Court also warned that abstention is the exception and should rarely be invoked. *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). To reconcile these conflicting duties, the Third Circuit Court of Appeals held that "*Younger* abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Gwynedd Properties, Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1200 (3d Cir. 1992). Absent exceptional circumstances, once a party has appeared in state court, the federal court should

refrain from hearing the claims until that party has exhausted state appellate remedies. *Anthony v. Council*, 316 F.3d 412, 419-20. Pending criminal proceedings clearly implicate important state interests, and, without proof that state procedural law bars Petitioner's federal claims, we assume that Petitioner will have the opportunity to raise these claims during state court proceedings. *See Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992); *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987).

Despite the satisfaction of all three requirements, abstention is inappropriate if the proceedings are undertaken in bad faith, intended to harass the petitioner, or some extraordinary circumstance exists that suggests deference to the state court would irreparably harm the petitioner's interests. *Anthony*, 316 F.3d at 418. Extraordinary circumstances are not present where appropriate relief is available in state courts. *Evans*, 959 F.2d at 1234; *see also Moore v. De Young*, 515 F.2d 437, 441 (3d Cir. 1975) (explaining that speedy trial claims do not present extraordinary circumstances because the applicant will have an opportunity to raise this claim in state trial court and appellate proceedings).

Here, Petitioner is involved in three ongoing criminal proceedings. Not only is Petitioner awaiting trial or sentencing in connection with each of these cases, he has also failed to exhaust his state appellate remedies. Indeed, he cannot do so given the procedural posture of these cases. Furthermore, criminal proceedings clearly

implicate important state interests, and there exists no evidence to suggest that Petitioner's federal claims will be barred from state court. We therefore find that each of the elements of the *Younger* test is satisfied.

Moreover, this case lacks any indication of bad faith or extraordinary circumstances that would require a departure from the *Younger* framework. Petitioner will be able to raise his federal claims as to the illegal search of his mother's home, the denial of his right to a speedy trial, the failure to establish a prima facie case, and the imposition of excessive bail in state court. It would be entirely inappropriate for us to wade into these state proceedings at this juncture. To do so would not only violate principles of comity, but is also contrary to established law, as aforestated. Accordingly, we agree with the Magistrate Judge that abstention is appropriate, and we will adopt the R&R in its entirety. A copy of the R&R is attached to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.